IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

|  |  |  |
|---|---|---|
| CARLOS ISMAEL SANCHEZ GRANDEZ, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | CIVIL ACTION NO. 9:26-CV-00161 |
| WARDEN, IAH SECURE ADULT | § § | JUDGE MICHAEL J. TRUNCALE |
| DETENTION CENTER; U.S. DEPARTMENT | § | |
| OF HOMELAND SECURITY; U.S. | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT, | § § | |
| *Respondents*. | § § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Carlos Ismael Sanchez Grandez ("Grandez")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Carlos Ismael Sanchez Grandez is a Honduran national. [Dkt. 1 at ¶ 3]. On an unknown date, United States Immigration and Customs Enforcement (ICE) detained Grandez. *Id.* at ¶ 13.

On February 19, 2026, Grandez brought a habeas corpus petition,[1] claiming that his detention violates the Fifth Amendment to the United States Constitution. [Dkt. 1].

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal

---

[1] The Petition was brought by Nancy Romero ("Romero"), appearing as Next Friend. The Court is skeptical she meets the next friend filing requirements. Supreme Court precedent requires both that a next friend "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real part in interest cannot appear on his own behalf to prosecute the action," and that the "'next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990). Ministers and first cousins have been denied next friend standing. *Id.* at 164. Romero states only that she is a close family friend. [Dkt. 1 at ¶ 7]. This is not enough, and it presents an additional reason to dismiss this Petition.

basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241

entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding,

the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that

he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex.

Sep. 26, 2025).

### III. DISCUSSION

### A. Due Process

Grandez argues that the Government violated procedural due process[2] by failing to provide

him with a bond hearing before an immigration judge. *See* [Dkt. 1 at ¶ 20]. Even if Grandez were

correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21

(5th Cir. 1997) (Smith, J.). Grandez's due-process argument is not based on the illegality of his

confinement itself. *See* [Dkt. 1 at ¶ 20]. Unlawful entry and continued unlawful presence in the United

States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§

1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Grandez's due-process claim is ill-suited for a habeas

proceeding, which is "not available to review questions unrelated to the *cause of detention*."[3] *See*

*Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a

prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas

proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a

challenge only when the challenged procedure would result in the petitioner's automatic release from

---

[2] Grandez also attempts a "substantive due process" argument based on the absence of any "individualized findings." This argument is properly categorized as a procedural-due-process argument because it speaks to a lack of procedural safeguards.

[3] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Grandez's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Grandez's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Grandez's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Grandez to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Grandez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 13th day of March, 2026.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge